UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EVA AMANDA AGUDELO, on behalf of herself and all others similarly situated )<br><br>    Plaintiffs )<br>v. )<br> )<br>SPRAGUE OPERATING RESOURCES, LLC )<br><br>    Defendant ) | **CLASS ACTION COMPLAINT**<br><br>Case No. 1:20-cv-00407 |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

1. Plaintiff brings this class action against the Defendant, Sprague Operating Resources, LLC (hereinafter, "Defendant") for emission impacts from its oil and natural gas facility located in Providence, Rhode Island. Through its petroleum-storage operations, Defendant releases noxious odors that invade Plaintiff's property, causing damages through negligence, gross negligence and nuisance for which Plaintiff seeks compensatory and punitive relief against Defendant as well as injunctive relief not inconsistent with Defendant's federally and state enforced air permits.

**PARTIES**

2. At all times relevant hereto, Plaintiff, Eva Amanda Agudelo, has resided and intended to remain at 389 Pine St, in the City of Providence, County of Providence, State of Rhode Island. Plaintiff is an individual domiciled in Rhode Island; therefore, Plaintiff is a citizen of the State of Rhode Island.

1

3.  Defendant Sprague Operating Resources, LLC is a Limited Liability Company organized under the laws of Delaware.

4.  Defendant's corporate activities are directed, controlled, and coordinated from its headquarters in New Hampshire.

5.  Defendant its agents, and its predecessors constructed, operate and maintain the petroleum-storage facility located at 144 Allens Ave in the City of Providence, County of Providence, State of Rhode Island (hereinafter, the "facility" or "Defendant's facility").

## JURISDICTION AND VENUE

6.  Plaintiff is a citizen of Rhode Island.

7.  Defendant is a citizen of Delaware and New Hampshire.

8.  This Court has CAFA jurisdiction under 28 U.S.C. § 1332(d)(2)(a). The amount in controversy exceeds $5,000,000, exclusive of interest and costs.

9.  Venue is proper in this Court under 28 U.S.C. 1391(b)(2), because a substantial portion of the events or omissions giving rise to Plaintiff's claims took place in this District, and because much, if not all, of the property that is the subject of this action is situated in this District.

10. Independent of and in addition to original jurisdiction under CAFA, this Court has original jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a)(1).

## CLASS ACTION ALLEGATIONS

**A.   Definition of the Class**

11. Plaintiff brings this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification, pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to represent a Class of persons preliminarily defined as:

> **All owner-occupants and renters of residential property located within one mile of the Defendant's facility.**

The class area boundary is subject to modification as discovery will disclose the location of all persons properly included in the Class ("Class Members"). Plaintiff reserves the right to propose one or more sub-classes if discovery reveals that such subclasses are appropriate.

12. This case is properly maintainable as a class action pursuant to and in accordance with Rule 23(a) of the Federal Rules of Civil Procedure in that:

   a. The class, which includes thousands of members, is so numerous that joinder of all members is impracticable;

   b. There are substantial questions of law and fact common to the class including those set forth in greater particularity herein;

   c. Questions of law and fact such as those enumerated below, which are all common to the class, predominate over any questions of law or fact affecting only individual members of the class;

   d. A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

   e. The relief sought in this class action will effectively and efficiently provide relief to all members of the class;

   f. There are no unusual difficulties foreseen in the management of this class action; and,

   g. Plaintiffs, whose claims are typical of those of the Class, through experienced counsel, will zealously and adequately represent the Class.

**B. Numerosity**

13. Data obtained from the US Census indicates that there are in excess of 6,000 resident households within one (1) mile of Defendant's facility. Therefore the class is so numerous that joinder is impracticable.

**C. Commonality**

14. Pursuant to Fed. R. Civ. P. 23(b)(3), there are numerous common questions of law

and fact predominate over any individual questions affecting Class Members, including, but not limited to the following:

    a.    whether and how Defendant intentionally, recklessly, willfully, wantonly, maliciously, grossly and negligently failed to construct, maintain and operate the facility;

    b.    whether Defendant owed any duties to Plaintiff;

    c.    which duties Defendant owed to Plaintiff;

    d.    which steps Defendant has and has not taken in order to control the emission of noxious odors through the construction, maintenance and operation of the facility;

    e.    whether and to what extent the facility's noxious odors were dispersed over the class area;

    f.    whether it was reasonably foreseeable that Defendant's failure to properly construct, maintain and operate the facility would result in an invasion of Plaintiff's property interests;

    g.    whether the degree of harm suffered by Plaintiff and the Class constitutes a substantial annoyance or interference; and

    h.    the proper measure of damages incurred by Plaintiff and the Class.

**D.    Typicality**

15. Plaintiff has the same interests in this matter as all the other members of the Class, and their claims are typical of all members of the Class. If brought and prosecuted individually, the claims of each Class member would require proof of many of the same material and substantive facts, utilize the same complex evidence including expert testimony, rely upon the same legal theories and seek the same type of relief.

16. The claims of Plaintiff and the other Class members have a common cause and their damages are of the same type. The claims originate from the same failure of the Defendant to properly construct, maintain and operate the facility.

17. All Class members have suffered injury in fact as a result of the invasion of their property by noxious odors emitted from Defendant's facility, causing damage in the form of losses to property values.

### E. Adequacy of Representation

18. Plaintiff's claims are sufficiently aligned with the interests of the absent members of the Class to ensure that the Class claims will be prosecuted with diligence and care by Plaintiff as representative of the Class. Plaintiff will fairly and adequately represent the interests of the Class and do not have interests adverse to the Class.

19. Plaintiff has retained the services of counsel who are experienced in complex class action litigation, and in particular class actions stemming from invasions of industrial emissions. Plaintiff's counsel will vigorously prosecute this action and will otherwise protect and fairly and adequately represent Plaintiff and all absent Class members.

### F. Class Treatment Is the Superior Method of Adjudication

20. A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

21. Individual claims by the Class members would be impracticable as the costs of pursuit would far exceed what any one Class member has at stake;

22. Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class members are unlikely to have an interest in separately prosecuting and controlling individual actions;

23. The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and

24. The proposed class action is manageable.

## **GENERAL ALLEGATIONS**

25. Defendant operates a petroleum-storage facility that is a wholesaler of natural gas, coal and petroleum products. Through this process Defendant unnecessarily emits noxious odors into the nearby residential community.

26. As part of its operations, Defendant buys, stores, distributes, and sells refined petroleum products and natural gas.

27. Due to Defendant's inadequate efforts to prevent its emissions from escaping into the adjacent residential neighborhood, Plaintiff's property has been and continues to be physically invaded by noxious odors.

28. The noxious odors which entered Plaintiff's property originated from the facility, where they are generated as a result of Defendant's operations.

29. The noxious odor emissions caused by Defendant's facility have been and continue to be dispersed across all public and private land in the class area.

30. Defendant, its predecessors and agents either constructed or directed the construction of the facility and exercised control and ownership over the facility.

31. Defendant's facility and its noxious odor emissions have been the subject of frequent complaints from residents in the nearby residential area.

32. Numerous households within the proposed Class Area have contacted Plaintiff's counsel documenting the noxious odors they attribute to the Defendant's facility.

33. Plaintiff Eva Agudelo reported that because of Defendant's odor emissions, she often smells a "very unpleasant" "fuel burning, chemical odor." She further reported that as a result of the offensive odors from Defendant's facility, she is "often unable to open" her windows.

34. Below is a small sampling of the factual allegations made by putative class

members to Plaintiff's counsel, demonstrating that Defendant's facility is the source and cause of the odorous emissions, which have damaged their neighboring properties.

    a.    Putative class member Robin Greene reported due to offensive odors from Defendant's facility, there "have been days where I wouldn't be able to stand being in my neighborhood." She reported a "terrible" "acidy smell" which also "smells like gasoline." She further reported that she often would stay at another location instead of staying in her home.

    b.    Putative class member Marianne Williams reported that "some days I cannot open my windows nor go outside due to the horrible smell in the air." She further reported that due to the "very nasty," "putrid smell," "there is no enjoyment" of her property.

    c.    Putative class member Maria Ayala reported that due to odors "we cant gather outside cause the smell is so bad." She further reported that "when visitors come over they also complain about the smell."

    d.    Putative class member Tyrone Travers reported "oil or tar burning maybe chemical" odors that made "you want to hold your nose." He further reported that the smell made him "want to stay inside verse going out."

35.    Defendant intentionally, recklessly, willfully, wantonly, maliciously, grossly and negligently failed to properly construct, maintain and operate the facility, and caused the invasion of Plaintiff's property by noxious odors on intermittent and reoccurring dates.

36.    Defendant has a well-documented administrative record of emitting noxious odors. Examples include, but are not limited to the following:

    a.    Between February 2018 and February 2020, there were in excess of 100 citizen complaints filed with the Rhode Island Department of Environmental Management (RI DEM) regarding the emission of noxious odors from Defendant's facility.

    b.    On May 17, 2019 the RI DEM issued a Notice of Violation (NOV) to the Defendant as a result of Defendant's release of ". . .air contaminants which creates an objectionable odor beyond the property line. . ." of Defendant's facility.

    c.    On January 28, 2020, the Attorney General submitted a letter to Defendant's counsel expressing concern over the ". . .continuous complaints regarding

        objectionable odors emanating from the facility. . ." This letter further noted that "[t]he odors emanating from the facility are unreasonably interfering with the health, safety, peace, comfort and convenience of the community. . ."

    d.    As a result of Defendant's noxious emissions, the USEPA required the Defendant to enter into a Consent Decree in which the Defendant agreed to pay civil penalties at least partly due to Defendant's operation of the facility.

37. A properly designed, operated, maintained, and managed facility of the sort Defendant operates will collect, capture and destroy odorous compounds in order to prevent noxious emissions into the surrounding community.

38. Defendant is required to control its noxious odor emissions by, among other things, operating and maintaining the facility in a manner that adequately captures, controls, and mitigates odor emissions so as to prevent them from escaping into the ambient air surrounding the facility and implementing other reasonably available odor mitigation, elimination, and control systems at the facility.

39. Defendant failed to install and maintain adequate technology to properly control its emissions of noxious odors, including but not limited to the operation of various tanks utilized to store liquid asphalt without proper odor control equipment.

40. Defendant's facility has emitted, and continues to emit, noxious odors that are detectable outside the bounds of its property.

41. The facility has emitted noxious odors that have caused negative impacts to its neighbors throughout the Class Area.

42. Plaintiff and members of the putative class suffer serious discomfort because of Defendant's odorous emissions that interfere with their use and enjoyment of property.

43. The noxious odors emitted from the facility are offensive, would be offensive to a reasonable person of ordinary health and sensibilities, and have caused property damage.

44. The invasion of Plaintiff's property and that of the Class by noxious odor emissions has reduced the value of that property and has interfered with the use and enjoyment of that property, resulting in damages.

45. The Class Area is home to a wide range of commercial and recreational activities, including but not limited to manufacturing, construction, retail trade, ministry, education, dining, and lodging.

46. Plaintiffs and the Class are a limited subset of individuals in Providence County, and the Class Area, that includes only owner/occupants and renters of residential property who live within the Class Area and fit within the Class Definition.

47. Members of the public, including but not limited to businesses, employees, commuters, tourists, visitors, minors, customers, clients, and students, have experienced and been harmed by the noxious odors emitted from the facility into public spaces; however, unlike Plaintiff and the Class, members of the public who are outside of the Class Definition have not suffered damages of the same kind, in the form of diminished property values and/or loss of use and enjoyment of their private property.

48. Defendant intentionally, recklessly, willfully, wantonly, maliciously, grossly and/or negligently failed to properly maintain, operate, and/or construct the facility, and caused the invasion of Plaintiff's property by noxious odors on intermittent and reoccurring dates too numerous to individually recount.

49. Defendant is vicariously liable for all damages suffered by Plaintiff caused by Defendant's employees, representatives and agents, who, during the course and scope of their employment created, allowed or failed to correct the problem(s) which caused noxious odors to physically invade Plaintiff's and the Class' properties.

## CAUSE OF ACTION I

## PRIVATE NUISANCE

50. Plaintiff restates allegations 1 through 49 of this Complaint as if fully rewritten herein.

51. The noxious odors, which entered Plaintiff's property originated from the facility constructed, maintained and operated by Defendant.

52. The odors, pollutants and air contaminants invading Plaintiff's property are indecent and/or offensive to the senses, and obstruct the free use of their property so as to interfere with the comfortable enjoyment of life and/or property including in, but not limited to, the following ways:

   a. causing Plaintiff and the Class to remain inside their homes and forego use of their yards;

   b. causing Plaintiff and the Class to keep doors and windows closed when weather conditions otherwise would not so require; and

   c. causing Plaintiff and the Class embarrassment and reluctance to invite guests to their homes.

53. Further, it is Plaintiff's information and belief that the noxious odors invading Plaintiff's property are negatively impacting Plaintiff's and the Class' property values and/or making their properties less appealing to purchasers.

54. Defendants owe and continue to owe a duty to Plaintiff to take positive action to prevent and/abate the interference with the invasion of the private interests of Plaintiff and the Class.

55. By constructing and then failing to reasonably repair and/or maintain the facility so as to avoid the emission of nuisance odors, Defendant has negligently created an unreasonable

risk of foreseeable harm by causing the invasion of Plaintiff's and the Class' property by noxious odors.

56. As a foreseeable, direct and proximate result of the foregoing conduct of Defendant, Plaintiff and the Class suffered injuries and damages to their property as alleged herein.

57. Plaintiff and the Class did not consent to the invasion of their property by noxious odors.

58. By causing noxious odors produced and controlled by Defendant to physically invade Plaintiff's land and property, Defendant intentionally, recklessly, and negligently created a nuisance which substantially and unreasonably interfered with Plaintiff's and the Class' comfortable use and enjoyment of their property.

59. Defendant's substantial and unreasonable interference with Plaintiff's and the Class' use and enjoyment of their property constitutes a nuisance for which Defendant is liable to Plaintiff for all damages arising from such nuisance, including compensatory, exemplary, injunctive and punitive relief since Defendant's actions were, and continue to be, intentional, willful, malicious and made with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to compensatory and punitive damages.

## CAUSES OF ACTION II AND III

### NEGLIGENCE AND GROSS NEGLIGENCE

60. Plaintiff restates allegations 1 through 59 of this Complaint as if fully rewritten herein.

61. Defendant negligently and improperly constructed, maintained and operated the facility such that it caused the invasion of noxious odors onto Plaintiff's homes, land, and property on occasions too numerous to mention,

62. As a direct and proximate result of Defendant's negligence and gross negligence in constructing, maintaining and operating the facility, Plaintiff's and the Class' property, on occasions too numerous to mention, was invaded by noxious odors.

63. As a further direct and proximate result of the foregoing conduct of the Defendant, Plaintiff and the Class suffered damages to their property as alleged herein.

64. The invasion and subsequent damages suffered by Plaintiff and the Class were reasonably foreseeable by the Defendant.

65. By failing to properly construct, maintain and operate its facility, Defendant failed to exercise the duty of ordinary care and diligence, which it owes to Plaintiff, so noxious odors would not invade Plaintiff's and the Class' property.

66. A properly constructed, operated, and maintained facility will not emit noxious odors into neighboring residential areas.

67. By failing to construct, maintain and operate its facility, Defendant has intentionally caused the invasion of Plaintiff and the Class' property by noxious odors.

68. Defendant knowingly breached its duty to exercise ordinary care and diligence when it improperly constructed, maintained and operated the facility and knew, or should have known upon reasonable inspection that such actions would cause Plaintiff's property to be invaded by noxious odors.

69. As a direct and proximate result of the failure of Defendant to exercise ordinary care, Plaintiff's and the Class' residences were invaded by noxious odors causing and constituting damage to their property.

70. The conduct of Defendant in knowingly allowing conditions to exist which caused noxious odors, pollutants, and air contaminants to physically invade Plaintiff's property constitutes

gross negligence as it demonstrates a substantial lack of concern for whether an injury resulted to Plaintiff and the Class.

71. Defendant's gross negligence was malicious and made with a conscious disregard for the rights and safety of Plaintiff and the Class, which entitles Plaintiff and the Class to an award of compensatory, exemplary, and punitive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, pray for judgment as follows:

A. Certification of the proposed Class pursuant to Federal Rule of Civil Procedure 23;

B. Designation of Plaintiff as representative of the proposed Class and designation of her counsel as Class Counsel;

C. Judgment in favor of Plaintiff and the Class members and against Defendant;

D. Award Plaintiff and the Class members compensatory and punitive damages, and attorneys' fees and costs, including pre-judgment and post-judgment interest thereupon;

E. Injunctive relief not inconsistent with Defendant's federally and state enforced air permits;

F. An Order holding that entrance of the aforementioned noxious odors upon Plaintiff's property constitutes a nuisance; and

G. Such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Plaintiff Eva Amanda Agudelo,
By her attorneys,

THE BREGGIA LAW FIRM
395 Smith St.
Providence, RI 02908
Tel:   (401) 831-9100
Fax:   (401) 831-0129
Email: sbreggia@alphalaw.us

/s/ *Stephen E. Breggia*
STEPHEN E. BREGGIA #2865
----------------------------------------------

LIDDLE & DUBIN, P.C.
975 E. Jefferson Ave.
Detroit, MI 48207
Tel:   (313) 392-0015
Fax:   (313) 392-0025
Email: sliddle@ldclassaction.com
Email: ncoulson@ldclassaction.com

/s/ *Steven D. Liddle*
STEVEN D. LIDDLE*
NICHOLAS A. COULSON*

*Pro Hac Vice Applications to be submitted*

Dated: September 14, 2020