UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EVA AMANDA AGUDELO, on behalf )
of herself and all others similarly )
situated, )
    Plaintiff, )
)
v. )   C.A. No. 20-407-JJM-PAS
)
SPRAGUE OPERATING )
RESOURCES, LLC, )
    Defendant. )

**MEMORANDUM AND ORDER**

JOHN J. MCCONNELL, JR., CHIEF UNITED STATES DISTRICT JUDGE.

Eva Amanda Agudelo brings a class action complaint against Sprague Operating Resources, LLC ("Sprague") alleging private and public nuisance and negligence because of unreasonable odors emanating from the petroleum-storage facility Sprague operates. ECF No. 15. She alleges that Sprague did not properly construct, maintain, and operate their petroleum-storage operation facility, in Providence Rhode Island. *Id.* at 7, ¶ 37. Sprague moves to dismiss the two nuisance counts over Sprague's objection. Because the Court finds that Ms. Agudelo has stated valid and plausible claims for both private and public nuisance, the Court DENIES Sprague's Motion to Dismiss. ECF No. 16.

**I. BACKGROUND**

Sprague is a wholesaler of natural gas, coal, and petroleum products. ECF No. 15 at 5, ¶ 21. It runs a petroleum-storage terminal ("Terminal") on Allens Avenue in

Providence, Rhode Island. *Id.* at 2, ¶ 5. Allens Avenue is an industrial area along the Providence River on one side, and near the residential neighborhood of South Providence on the other. At the Terminal, Sprague buys, stores, distributes, and sells refined petroleum products and natural gas. *Id.* at 5, ¶ 22. It also receives and distributes liquid asphalt and related products. *Id.* at 5, ¶ 23. Sprague stores its products at the Terminal in above-ground storage tanks, at least three of which it uses for storage and distribution of liquid asphalt and another asphalt product called roofing flux. *Id.* at 6, ¶ 25.

Ms. Agudelo alleges that since Sprague started storing liquid asphalt at the Terminal, "odor complaints started flooding in from neighboring properties" describing the odor as horrible, very unpleasant, and nasty. *Id.* at 6, ¶ 26; *Id.* at 7, ¶ 35-36. Many people lodged complaints with the Rhode Island Department of Environmental Management ("RI DEM"), which issued a Notice of Violation to Sprague alleging that the odor beyond their property lines stemmed from Sprague lacking necessary equipment to control the odors. *Id.* at 8, ¶ 38(b). When the odors did not subside, the Rhode Island Attorney General wrote to Sprague complaining that the odors from the Terminal were "unreasonably interfering with the health, safety, peace comfort, and convenience of the community." *Id.* at 8, ¶ 38(c). The United States Environmental Protection Agency ("EPA") weighed in and negotiated a consent decree and civil penalty because of the odor from the Terminal. *Id.* at 8, ¶ 38(d). Ms. Agudelo alleges that Sprague has subjected her and her neighbors to objectionable and offensive odors that have caused them to endure many negative

impacts on their daily lives and the value and enjoyment of their property. *Id.* at 9, ¶ 42.

Sprague moves to dismiss the two nuisance counts asserting that the private nuisance claim (Count I) fails because the alleged interference is with a public right, and the public nuisance claim (Count II) fails because Ms. Agudelo does not allege a special injury different from the public in general.[1] Also, Sprague claims that Ms. Agudelo has failed to properly allege punitive damages.[2]

## II. STANDARD OF REVIEW

Sprague moved, under Fed. R. Civ. P. 12(b)(6), to dismiss two of the three claims brought against them. To survive a Rule 12(b)(6) motion to dismiss, Ms. Agudelo must plead a "plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). Her complaint must have sufficient factual allegations that plausibly state a claim upon which relief can be granted. This standard requires more than a recitation of elements and must allow the Court to draw a reasonable inference that a defendant is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept plaintiff's allegations as true and construe them in the light most

---

[1] Sprague also asks the Court to dismiss "any possible gross negligence claim." ECF No. 16-1 at 1. Ms. Agudelo conceded at oral argument that there was no separate claim for "gross negligence." Sprague has not moved to dismiss Count III – Negligence.

[2] There is no claim or request for punitive damages. *See* ECF No. 15 at 16 ("Prayer for Relief"). The only mention of punitive damages is in the first "Introduction" paragraph, which the Court does not find operative.

3

favorable to the plaintiffs. *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir. 2009).

## III.  DISCUSSION

In seeking dismissal of Count I, Sprague argues that because Ms. Agudelo bases her private nuisance claim on "an alleged interference with a public right, i.e., the right to clean air, and impacts the community at large," she has not stated a cause of action for private nuisance. ECF No. 16-1 at 5. Sprague argues that the public nuisance count (Count II) fails because Ms. Agudelo "does not allege a special injury different in kind from the public in general." *Id.* at 9. Ms. Agudelo objects to this view of her allegations, arguing that private and public nuisance are not mutually exclusive. ECF No. 17-1 at 10-13. Because her complaint alleges that the odor coming from the Terminal is both an interference with the use and enjoyment of her land and an interference with a public right – clean air, she argues that it is sufficient to withstand Sprague's motion to dismiss both claims. *Id.* at 11.

The Court begins its analysis with a brief review of Rhode Island nuisance law. A *private nuisance* "arises from the unreasonable use of one's property that materially interferes with a neighbor's physical comfort or the neighbor's use of his real estate." *Weida v. Ferry*, 493 A.2d 824, 826 (R.I. 1985). A *public nuisance* is "an unreasonable interference with a right common to the general public." *Citizens for Pres. of Waterman Lake v. Davis*, 420 A.2d 53, 59 (R.I. 1980). The law supports Ms. Agudelo's contention that these claims are not mutually exclusive. "When the nuisance, in addition to interfering with the public right, also interferes with the use

4

and enjoyment of the plaintiff's land, it is a private nuisance as well as a public one.'" Restatement (Second) of Torts, § 821C cmt e);[3] *Baptiste v. Bethlehem Landfill Co.*, 965 F.3d 214, 223 (3d Cir. 2020) ("When a private or public nuisance is so widespread that it affects both public and private rights, it may be actionable as either public 'or private or both public and private.'"); *Youst v. Keck's Food Serv., Inc.*, 94 A.3d 1057, 1071-72 (Pa. Super. Ct. 2014). The Court turns to the allegations in Ms. Agudelo's complaint on each nuisance claim to determine whether they plausibly establish either or both.

*Private nuisance*

In her Amended Complaint, Ms. Agudelo alleges that Sprague has unreasonably used its property resulting in "noxious odors to be emitted into the nearby residential community." ECF No. 15 at 5, ¶ 21. The Rhode Island Department of Environmental Management ("RI DEM") has cited Sprague for legal violations due to its release of "air contaminants which created an objectionable odor beyond the property line" of its facility. *Id.* at 8, ¶ 38(b). Between February 2018 and February 2020, neighboring residents submitted more than 100 individual odor complaints as evidence that Sprague's unreasonable use of its property interfered with the use and enjoyment of private residential properties. *Id.* at 8, ¶ 38(a). On January 28, 2020, the Attorney General of Rhode Island sent a letter about Sprague's odor emissions asserting that they "are unreasonably interfering with the health, safety, peace,

---

[3] Both parties agree that Rhode Island follows the Restatement (Second) of Torts' nuisance approach.

comfort and convenience of the community." *Id.* at 8, ¶ 38(c). The EPA also issued a consent decree relating to Sprague's unreasonable use of its facility. *Id.* at 8, ¶ 38(d).

Ms. Agudelo also alleges that Sprague's unreasonable use of its property interferes with its neighbors'[4] physical comfort and use of their real estate. The Amended Complaint quotes class members who describe the nuisance as follows:

- From resident Robin Greene: "there have been days where I wouldn't be able to stand being in my neighborhood." She reported a "terrible" "acidy smell" . . . "like gasoline." She often would stay at another location rather than stay in her home;

- From resident Marianne Williams: "[S]ome days I cannot open my windows nor go outside due to the horrible smell in the air." She reported a "very nasty," "putrid smell," and that "there is no enjoyment" of her property;

- From resident Maria Ayala: "we can't gather outside cause the smell is so bad." "[W]hen visitors come over, they also complain about the smell"; and

- From resident Tyrone Travers: "[O]il or tar burning maybe chemical" odors that made "you want to hold your nose." The smell made him "want to stay inside verse going out."

*Id.* at 7, ¶36.

---

[4] Sprague wants the Court to define "neighbor" as an adjacent property owner. *See* ECF No. 16-1 at 8. But nuisance law in Rhode Island does not call for such a narrow and restrictive definition. Neighbor, when used in the context of nuisance law refers to "nearby," not "adjacent." Ms. Agudelo alleges sufficiently plausible facts that Sprague is a neighbor to her and the other class members. *See, e.g.*, ECF No. 15 at 6 ("Due to Defendant's intentional actions, and inadequate efforts to prevent its emissions from escaping into the adjacent residential neighborhood . . .").

6

Ms. Agudelo, individually and on behalf of class members, has alleged a legally valid claim for private nuisance because she asserts plausible facts showing that a neighbor (Sprague) unreasonably uses its land (the Terminal) such that those actions materially interfere with their physical comfort and use of their real estate. Her private nuisance claim survives Sprague's motion to dismiss.

*Public nuisance*

To plead a claim for public nuisance, Ms. Agudelo must allege plausible facts that the odor emanating from the Terminal unreasonably interferes with a right common to the public. Sprague argues that Ms. Agudelo's claim for public nuisance fails because she does not allege a "special injury different in kind from the public in general." ECF No. 16-1 at 9-13.

In her Amended Complaint, Ms. Agudelo alleged an interference with the use and enjoyment of her private property and a negative effect on her property value. Ms. Agudelo has alleged that she and each class member has suffered special injury "in the form of diminished property values and/or loss of use and enjoyment of their private property." ECF No. 15 at 9, ¶ 48. Ms. Agudelo and her neighbors assert that the noxious odors that emanate from the Terminal have prevented them from opening their windows, going outside, gathering outdoors, or enjoying their property. *Id.* at 7, ¶ 36. They describe the odors as offensive, terrible, acidy, horrible, and putrid. *Id.*

Ms. Agudelo, individually and on behalf of class members, has alleged a legally valid claim for public nuisance because she asserts plausible facts showing individual specific special injury to her, and the neighbors, and their properties, as well as injury

of a right common to the public. As such, Sprague's motion to dismiss Ms. Agudelo's public nuisance claim fails.

## IV. CONCLUSION

Because Ms. Agudelo's Amended Complaint plausibly sets forth claims for a private and/or public nuisance, the Court DENIES Sprague's Motion to Dismiss. ECF No. 16.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief United States District Judge
March 23, 2021